The plaintiff Haehyun Choi appeals the dismissal under Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), of her amended complaint filed in 2016 as an independent action under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974).[2] The complaint, asserting both fraud (count 1) and fraud on the court (count 2), sought to set aside a 2005 judgment in favor of Toyota Motor Sales USA, Inc. (Toyota), in Choi's underlying product liability suit against Toyota. We affirm.
Background. The underlying suit arose out of a one-car accident that occurred while Choi was driving her 1996 Toyota Corolla and that left her paralyzed. Choi alleges that the accident was due to a sudden loss of steering control. Choi retained counsel, who brought suit against Toyota and related entities. In the meantime, Choi's husband, who held a Ph.D. in mechanical engineering, performed his own investigation of the accident (with assistance from others) and concluded that two parts of the vehicle that might have caused or contributed to the accident and Choi's injuries-the strut rod attached to one of the rear wheels, and the driver's seat-had been tampered with after the accident so as to make them appear to be in normal condition. Choi and her husband believed that Toyota was responsible for the alleged tampering.
Despite the urgings of Choi and her husband, however, the Chois' then-counsel declined to pursue this theory, opting instead to accept the notion of operator error and pursue a claim that a subsequent airbag malfunction caused Choi's injuries. The Chois considered obtaining alternate counsel, but "it appeared unwise to change horses in midstream," so they "relented and put their fate in [then-counsel's] hands." After a trial in 2005, the jury returned a defense verdict, and the judgment was affirmed on appeal. Choi v. Toyota Motor Corp., 74 Mass. App. Ct. 1118 (2009). The Chois' posttrial motion alleging fraud was denied in 2009. Choi filed this action in 2015,[3] amended her complaint in 2016, and now appeals from its dismissal.
Discussion. "[W]e review de novo a rule 12(b)(6) dismissal of a rule 60 claim that is raised in an independent action." Mt. Ivy Press, L.P. v. Defonseca, 78 Mass. App. Ct. 340, 347 n.18 (2010). We thus "determine whether facts alleged in the complaint raise a right to relief above the speculative level, on the assumption that all the allegations of the complaint are true." Ibid., quoting from Largo Realty, Inc. v. Purcell, 77 Mass. App. Ct. 162, 163 (2010). See Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-636 (2008).
1. Count 1. Count 1 of Choi's complaint was framed as an independent action to relieve Choi from the 2005 judgment, based on allegedly fraudulent conduct by Toyota that made that judgment manifestly unconscionable. "Grounds for such an action are very narrow and require something more than common-law fraud." Owens v. Mukendi, 448 Mass. 66, 77 (2006), citing Sahin v. Sahin, 435 Mass. 396, 401-402 (2001).
"To the extent that the claims raised by a party's independent action appear to fall within those provisions of rule 60(b) that mandate a specific time limitation, but materialized too late to file in a motion to the court which rendered the judgment, the party must raise some additional ground or reason justifying relief after the expiration of the time limitation" (emphasis supplied).
Sahin, 435 Mass. at 401. That principle applies here, where motions for relief from judgment based on fraud are subject to the one-year limitation period of Mass.R.Civ.P. 60(b)(3). The party seeking relief must show that allowing the judgment to stand would be "manifestly unconscionable." Sahin, 435 Mass. at 402, quoting from Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244-245 (1944).
Whether that standard is met-whether the facts fall into the "very narrow" category of situations, "something more than common-law fraud," that will justify relief-has been treated as a question of law. Owens, 448 Mass. at 77. See Sahin, 435 Mass. at 403-405 ; Mt. Ivy Press, L.P., 78 Mass. App. Ct. at 348-349. Prior decisions illustrate the difficulty of meeting the standard. Compare Sahin, 435 Mass. at 402-403 (citing cases indicating that presentation of perjured testimony, or a conspiracy to present such testimony, is insufficient to warrant relief in independent action for relief from judgment), with Mt. Ivy Press, L.P., 78 Mass. App. Ct. at 348 (although "perjury, standing alone, generally does not support relief," alleged "extraordinary fraud that touched every part of [a party's] case" was sufficient, when considered with other circumstances).
Choi's complaint alleges four instances of fraud-two arising out of other proceedings, and two arising in her own underlying product liability suit-that assertedly rise to this level. We consider these allegations in turn and conclude that, taken as true and even when taken together, they do not allege a sufficient fraud to warrant relief.[4]
a. Alleged fraud in other proceedings. First, Choi alleges that in 2014, Toyota Motor Corporation[5] entered into a deferred prosecution agreement with the United States Department of Justice in which it admitted to having systematically misled consumers and Federal regulators for years about safety issues related to unintended acceleration in Toyota automobiles.
Second, Choi alleges that in 2009, a high-ranking in-house lawyer for Toyota from 2003 to 2007, Dimitrios Biller, filed a whistleblower suit in Federal court in California, alleging that Toyota had intentionally disobeyed discovery orders in over 300 cases between 2004 and 2007. Choi alleges that Biller's suit asserted Toyota maintained certain "Books of Knowledge" in which it compiled extensive information about internal reviews of, concerns about, and design defects in its automobiles, but that it routinely failed to produce such documents in discovery. Choi alleges that given the timing of her own suit against Toyota, "Biller was likely involved in the oversight" of that suit, and that no "Books of Knowledge" were ever produced to her counsel in that suit.
Choi attached to her complaint a copy of Biller's Federal complaint. In that complaint, Biller alleged that he had served as National Managing Counsel in charge of Toyota's National Rollover Program. Biller alleged that, over his objections, Toyota was not producing electronically-stored information (ESI) in the discovery process, and that a Toyota entity had destroyed ESI "that should have been produced in, approximately, over 300 rollover accidents involving roof crush issues." Biller also alleged that one of the electronic discovery issues he sought to resolve within Toyota related to the "Books of Knowledge."
Choi's complaint alleges that her accident was due to a sudden loss of steering control. She does not allege that she experienced any unintended acceleration or that her car rolled over. Choi nevertheless alleges that although the deferred prosecution agreement was "technically restricted to unintended acceleration cases," its acknowledgment of Toyota's wrongdoing, "coupled with the allegations of discovery obstruction made by Biller, illustrate a corporate culture imbued with secrecy and lawlessness." She then alleges, "If such tactics were utilized in [her] underlying litigation, this would not have constituted ordinary, but 'extraordinary' fraud" (emphasis supplied).
We conclude that these allegations, even if true, are insufficient to raise Choi's "right to relief above the speculative level." Mt. Ivy Press, L.P., 78 Mass. App. Ct. at 347 n.18 (quotation omitted). Choi does not allege that such tactics were used in her case, only that they might have been.[6] That Toyota concealed evidence of unintended acceleration from consumers and Federal regulators, or allegedly maintained a corporate culture of secrecy and lawlessness, is too speculative a basis on which to conclude that Toyota concealed evidence of a steering or other design defect in Choi's case. That Biller alleged that Toyota engaged in discovery abuses in cases involving vehicle rollovers, and cases involving ESI, and perhaps other cases, is too speculative a basis on which to conclude that Toyota actually engaged in such abuses in Choi's case, which she does not allege involved a vehicle rollover or any discovery request from her counsel to Toyota seeking ESI. Moreover, Choi does not allege that Biller's allegations were true (or what might have been the outcome of his suit), and it is only the allegations in Choi's complaint-not those in Biller's-that we must accept as true in reviewing action on a rule 12(b)(6) motion.
b. Alleged fraud in Choi's own suit. Choi alleges that in 2013, she received, from her then-counsel, approximately twenty boxes of documents from her underlying case. Based on these documents, Choi's husband "refine[d] his technical analysis of the accident, causing him to conclude that the defense experts, with the advice and consent of counsel, had offered scientifically invalid opinions at trial." "He concluded that their collective testimony was flawed and misleading regarding the cause of the accident and the injuries sustained by [Choi] therein."
These allegations, taken as true, do not rise to the level that would warrant relief. First, Choi does not allege that information revealing the flaws in the defense experts' testimony was unavailable at the time of trial. Choi and her husband, who was also a plaintiff in the underlying case, had the right to attend the trial and listen to the defense experts' testimony (although the complaint does not make clear whether they did so), as well as the right to obtain materials from their then-counsel. Choi does not allege that her counsel ever denied her and her husband access to the case files. Second, even if the defense experts' testimony was "misleading," that would not entitle Choi to relief, because even a showing of perjured testimony does not ordinarily warrant relief in an independent action under rule 60(b). See Sahin, 435 Mass. at 402-403 ; Mt. Ivy Press, L.P., 78 Mass. App. Ct. at 348.
The second instance of fraud Choi alleges to have occurred in her underlying suit grows out of a motion in limine that Toyota filed to preclude Choi's husband from testifying as an expert at the 2005 trial. Choi's then-counsel did not oppose that motion, and it was allowed. Shortly after the trial, Choi wrote a letter to the trial judge, outlining her husband's investigation and alleging that the truth had been concealed at trial. She asked that the letter be treated as a posttrial motion. No action was taken on the motion until after the appeal was resolved in 2009. At that time Toyota filed an opposition to the motion, attaching an affidavit from Toyota's trial counsel asserting that when he had filed the motion in limine, he had only limited knowledge of Choi's husband's contentions.
Choi alleges that her posttrial motion was denied and that she appealed this ruling, but that her appeal was dismissed for lack of prosecution. Choi now alleges that she learned, based on the receipt of case materials from her then-counsel in 2013, that Toyota's trial counsel's 2009 affidavit was "materially inaccurate," and that in fact he had "extensive[ ]" knowledge of her husband's theories prior to trial.
Any such inaccuracies in the affidavit would not entitle Choi to relief in this action, because, among other reasons, the judge who denied Choi's posttrial motion in 2009 did not rely on that affidavit. Rather, he ruled, "the only materials properly before the court for consideration" on Choi's motion were materials submitted by Choi herself, and they did "not show by clear and convincing evidence that either defendant, or anyone whose conduct is attributable to them, engaged in fraud or other misconduct that deprived [Choi] of an opportunity to present her case fully and fairly at trial."[7] In the circumstances, the alleged inaccuracies in Toyota's trial counsel's affidavit furnish no basis for an independent action to vacate the 2005 judgment.
2. Count 2. Choi framed count 2 of her complaint as an independent action for relief from the 2005 judgment based on "fraud on the court." "A party seeking to demonstrate fraud on the court must [allege] 'the most egregious conduct involving a corruption of the judicial process itself. Examples are bribery of judges, employment of counsel to "influence" the court, bribery of the jury, and the involvement of an attorney (an officer of the court) in the perpetration of fraud.' " Paternity of Cheryl, 434 Mass. 23, 36 (2001), quoting from MacDonald v. MacDonald, 407 Mass. 196, 202 (1990). Another formulation of the standard is that "[a] 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 598 (1994), quoting from Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989).
Choi argues two instances of fraud on the court. The first involves the alleged tampering with Choi's vehicle after the accident-tampering for which Choi believed Toyota was responsible. But Choi did not allege that any attorney for Toyota was involved in such an effort, nor did she allege that Toyota unfairly hampered her from presenting evidence of such tampering to the court; rather, she alleges that it was her own trial counsel who, presented with the tampering allegations, declined to pursue them. Thus the tampering allegation fails to state a claim for fraud on the court under the standards articulated in Paternity of Cheryl and Rockdale Mgmt. Co.
Choi's second claimed instance of fraud on the court involves the allegedly false statement in Toyota's trial counsel's 2009 affidavit explaining why he filed the 2005 motion in limine to preclude Choi's husband from giving expert testimony. But, as just noted, Choi's own complaint alleges that her trial counsel repeatedly declined to pursue her husband's theories about the accident and did not oppose Toyota's motion in limine. The complaint does not allege that the assertedly false statement had any influence on whether Choi's husband testified as an expert, and it does not plausibly allege that the statement influenced the judge's ruling on Choi's posttrial motion. This aspect of the complaint thus fails to allege the requisite "most egregious conduct involving a corruption of the judicial process itself."[8] Paternity of Cheryl, 434 Mass. at 36.
Conclusion. The amended complaint was properly dismissed for failure to state a claim on which relief could be granted.[9]
Judgment affirmed.

Rule 60(b) states, in pertinent part, "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court."

Choi's husband passed away before the present action was filed.

We therefore need not consider other factors deemed relevant to a plaintiff's entitlement to relief in an independent action under rule 60. See, e.g., Owens, 448 Mass. at 77 (considering timeliness of filing of action); Mt. Ivy Press, L.P., 78 Mass. App. Ct. at 348 (considering size of judgment and conduct of pro se party that obtained it).

Toyota Motor Corporation was a defendant in Choi's earlier product liability suit leading to the 2005 judgment, and was originally a defendant in this action as well, but Choi's amended complaint asserted claims only against Toyota Motor Sales USA, Inc.

We therefore need not decide the question whether such tactics, if used in Choi's case, would fall into the "very narrow" category of situations that will justify relief in an independent action under rule 60(b). Owens, 448 Mass. at 77.

Although it is not clear whether the 2009 ruling denying Choi's posttrial motion was attached to her complaint in this action, Toyota has attached the ruling to its appellate brief. "A reviewing court, like the judge initially evaluating and ruling upon a motion to dismiss, is entitled to consider materials not appended to the complaint, but referenced or relied upon in the complaint." Kilnapp Enterprises, Inc. v. Massachusetts State Auto. Dealers Assn., 89 Mass. App. Ct. 212, 213 (2016). See Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 n.4 (2004).

Choi's reply brief notes that "[i]t is not necessary to show that the statement of material fact did in fact influence a determination by the judge." Matter of Angwafo, 453 Mass. 28, 35 (2009). But that case applied the quoted proposition in determining whether an attorney had violated the rules of professional conduct. Choi cites no case applying the proposition to vacate a judgment because of fraud on the court regardless of whether the alleged fraud had any effect on the court.

We deny, as moot, both Toyota's motion to dismiss the appeal (paper no. 11), and Choi's motion (paper no. 10.1) to file supplemental materials in support of her previously-denied motion (paper no. 9) for leave to file in the trial court a motion to set aside the judgment of dismissal.