Patricia Pinet appeals from an order, entered on Jorge Pinet's motion under Mass. R. Dom. Rel. P. 60 (b), vacating Patricia's earlier attorney's fees award. We affirm.
It would be an understatement to characterize the record before us as confused. Nonetheless, it appears that the parties were divorced in 2010. In 2011, Patricia filed a contempt complaint against Jorge. That complaint was resolved when, in January, 2012, a judge ordered Jorge, among other things, to pay Patricia $1,500 in attorney's fees. Jorge did not comply and, in 2014, Patricia filed another contempt complaint, asking for an order compelling Jorge pay the ordered fees. That order entered in January, 2015, with Jorge being ordered to comply by "[n]ot later than March 6, 2015." Jorge complied. Nonetheless, after the January, 2015, hearing Patricia's counsel requested an additional $1,500 in fees. By order dated March 13, 2015, a judge granted Patricia's counsel's request because "[t]he contents of the affidavit submitted by [Patricia's] counsel have persuaded the Court that additional attorney fees are warranted."
More than one year later, in July, 2016, Jorge, through counsel, filed a rule 60 (b) motion to vacate the March 13, 2015, order that Jorge pay an additional $1,500 in attorney's fees, arguing in effect that the order was based on inaccurate alleged facts and was unjust. The same judge that issued the March 13, 2015, order, after hearing from the parties' respective attorneys, vacated the March 13 order. After hearing the arguments by counsel regarding the circumstances that led the judge to enter the order for supplemental fees, the judge reasoned that he could not recall the specific circumstances well enough to be satisfied that there was a basis for resolving the credibility questions in Patricia's favor and that as a result he was no longer confident that there was a basis for the order for supplemental fees. The judge treated Jorge's motion as one falling within the scope of rule 60 (b) (6) and allowed it because it was based on "circumstances which warrant a filing outside the one year period as brought within a reasonable time."
We review the judge's decision only for "a clear abuse of discretion." Tai v. Boston, 45 Mass. App. Ct. 220, 224 (1998), quoting Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 158 (1987). Given the serious charges and countercharges levied by counsel at each other, and the evident confusion and differing memories displayed by both counsel and the judge surrounding the events at issue, we cannot say that the judge abused his discretion by making "a clear error of judgment in weighing the factors relevant to the decision" (quotation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
Nor do we agree that Jorge's motion was untimely. Jorge moved to vacate the March 13, 2015, order on grounds of "[e]quity [and] [f]airness," thus invoking "any other reason justifying relief from the operation of the judgment." Mass. R. Dom. Rel. P. 60 (b) (6). Such a motion need not be made within one year but instead "shall be made within a reasonable time." Id. For substantially the reasons discussed by the judge, and particularly in light of the difficulties and confusion occasioned by Jorge's counsel's status, we will not second-guess the judge's determination that Jorge's motion was made within a reasonable time.
Sahin v. Sahin, 435 Mass. 396 (2001), does not require a different result. In Sahin the Supreme Judicial Court reaffirmed that "to prevail under rule 60 (b) (6), a party must show that there is a reason to justify the relief, and also that the reason is not within the grounds set forth in rule 60 (b) (1)-(5)." Id. at 407, quoting Parrell v. Keenan, 389 Mass. 809, 814-815 (1983). Although Patricia characterizes Jorge's motion as being based solely on his allegation that Patricia's counsel committed a fraud on the court, see Mass. R. Dom. Rel. P. 60 (b) (3), this is not accurate. Instead, Jorge brought to the judge's attention, among other things, his alleged financial hardship; his alleged good faith efforts to satisfy the judge's known orders; Patricia's counsel's alleged overzealous advocacy, allegedly amounting to simple harassment; Jorge's alleged absence from certain hearings and proceedings; Jorge's alleged lack of notice of certain hearings, proceedings, and orders; and alleged inaccuracies in the factual bases of the judge's rulings. In short, we are satisfied that Jorge's motion was based in substantial part on reasons "not [falling] within the grounds set forth in rule 60 (b) (1)-(5)." Sahin, supra.
Finally, we note that it was for the judge, who had a "firsthand view of the presentation of the evidence" and was "in the best position to judge the weight and credibility of the evidence," to make findings and draw conclusions therefrom. New England Canteen Serv., Inc. v. Ashley, 372 Mass. 671, 675 (1977). We do not review such questions where the judge's "findings are supported on any reasonable view of the evidence, including all rational inferences of which it was susceptible" (quotation omitted). Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 510 (1997). The judge's essential finding, that the March 13, 2015, order for additional attorney's fees lacked a valid basis when entered and that justice would be best served by vacating that order, is well supported by the record when viewed as a whole. Accordingly, and to the extent made, Patricia's suggestion that the judge's findings are clearly erroneous is without merit.
No error appearing, the order entered January 19, 2017, allowing Jorge's motion for relief and vacating the order of March 13, 2015, is affirmed. All other relief requested in Patricia's brief is denied.
So ordered.