NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-265

KARL BARBACKI, personal representative,[1] & another[2]

vs.

ABIGAIL WILLIAMS & another.[3]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, who are the personal representatives of the estate of Nellie Barbacki, appeal from the denial of their motion for relief from a judgment in a legal malpractice trial. We conclude there was no error of law or abuse of discretion by the motion judge and affirm the order.

Background. This appeal concerns a dispute over legal representation and collection of related attorney's fees. For a more detailed explanation of the facts and procedural history of the underlying claim, see this panel's unpublished memorandum and order, also issued today. Barbacki vs. Williams, 22-P-184. We summarize the facts relevant to this appeal below.

_____

[1] Of the estate of Nellie Barbacki.
[2] Rosalind Brezinski, personal representative of the estate of Nellie Barbacki.
[3] Abigail Williams & Associates, LLC.

Beginning in 2014, defendant Abigail Williams represented the plaintiffs' decedent, Nellie Barbacki, in a medical malpractice lawsuit.[4]  After a settlement, the plaintiffs filed an action against the defendants, claiming Williams committed legal malpractice during her representation of Nellie Barbacki. In 2019, a jury returned a verdict on all counts in favor of the defendants.[5]

On June 23, 2021, the plaintiffs submitted a motion to vacate judgment pursuant to Mass. R. Civ. P. 60 (b) (6), 365 Mass. 828 (1974), arguing that Williams and her attorney committed fraud on the court by lying during the legal malpractice trial.  Their claims rely on a Board of Bar Overseers Hearing Report (BBO report), recommending the disbarment of Williams.  A judge denied the motion, explaining:

> "The motion is without merit.  The issues relating to
> Abigail Williams['s] finances and license to practice law
> were subject to motions in limine and evidentiary rulings
> throughout the trial.  The findings contained within the
> Board of Bar Overseers Hearing Report, years after trial,
> are collateral to the issues determined by the jury;
> whether Abigail Williams committed legal malpractice,
> settled the case for short money, and/or made
> misrepresentations to Nellie Barbacki."

---

[4] Nellie Barbacki passed away while suit was pending and the complaint was amended to substitute Karl Barbacki and Rosalind Brezinski, personal representatives of the estate of Nellie Barbacki, as plaintiffs.

[5] The plaintiffs appealed the judgment to a panel of this court, which in an unpublished memorandum and order dismissed the appeal as untimely but noted it would have affirmed on the merits.  See Barbacki vs. Williams, Mass. App. Ct., No. 21-P-56, slip. op. at 2 (May 2, 2022).

Discussion.  A judge's denial of a Mass. R. Civ. P. Rule 60 (b) (6) motion "will not be disturbed absent an abuse of discretion."  Sahin v. Sahin, 435 Mass. 396, 399 n.6 (2001).  The decision will not be reversed unless "the judge's broad discretion was abused to such an extent that his decision constitutes an arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice which no conscientious judge, acting intelligently, could honestly have reached and which effectively amounts to a miscarriage of justice."  Care & Protection of Georgette, 54 Mass. App. Ct. 778, 787 (2002), S.C., 439 Mass. 28 (2003).

A fraud on the court has occurred only "where 'it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.'"  Paternity of Cheryl, 434 Mass. 23, 35 (2001), quoting Rockdale Mgt. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 598 (1994).  "Proof of conduct that amounts to common-law fraud -- that is, a knowing, materially false statement of fact that induces reliance thereon -- is not sufficient" to establish fraud on the court.  Guardianship of Ingrid, 102 Mass. App. Ct. 1, 10 (2022).  "This high bar is an

3

expression of 'the system's important interest in finality.'"
Id., quoting Owens v. Mukendi, 448 Mass. 66, 76 (2006).

The plaintiffs argue that their motion to vacate the judgment should have been granted because the BBO report revealed Abigail Williams and her attorney lied during the trial about Williams's financial situation, constituting a fraud on the court. They contend that the BBO report confirmed their theory that Williams was in a dire financial condition dating back to 2009, contrary to her testimony at trial.[6] The

---

[6] The plaintiffs point to the following exchange, between the plaintiffs' attorney and Williams at trial, as evidence that Williams lied:

Q: "And based on your fee agreement, you must have the assets or money to devote to that office to pay for or in that case, to pay for experts, staff, depositions and other things of that nature, correct?"

A: "Sure."

Q: "And you allege that your firm was in that financial position, in 2014, to handle this matter?"

A: "Yes. If I thought there was a concern about not being able to handle the matter, I would not have taken it."

The plaintiffs also cite this later exchange between their attorney and Williams:

Q: "In 2014 and 2015 and 2016, did you experience difficulty in keeping track of monies that you had spent on behalf of clients, that you (indiscernible) charged the clients in terms of case costs and expenses of litigation?"

A: "No."

4

plaintiffs also contend Williams lied about the reason her law license was suspended.[7]

Even if we were to credit the allegations that Williams lied at trial about her financial condition or the reason that her license had been suspended, it would not amount to an "extraordinary circumstance" for which relief under rule 60 (b) (6) is reserved.[8]  See Pentucket Manor Chronic Hosp., Inc. v. Rate Setting Comm'n, 394 Mass. 233, 236 (1985); Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 33 n.5 (1983) ("Rule 60 is to litigation what mouth-to-mouth resuscitation is to first aid:  a life-saving treatment, applicable in desperate cases" [citation omitted]).  Though examples of fraud on the court can include "the involvement of an attorney (an officer of the court) in the perpetration of fraud," Williams was not acting in her capacity as an attorney at trial; she was acting as a defendant.  See MacDonald v. MacDonald, 407 Mass. 196, 202 (1990), quoting Lockwood v. Bowles, 46 F.R.D. 625, 631-632 (D. D. C. 1969).  The fact that Williams was also an attorney does

---

[7] Williams testified that she was not practicing at the time of the trial because of a "non-disciplinary administrative suspension" and described it as a "recordkeeping" issue.

[8] The plaintiffs also argue that Williams failed to correct any false statements of facts made on her behalf.  However, "conduct such as nondisclosure to the adverse party or the court of facts pertinent to the matter before it, without more, does not constitute fraud on the court for purposes of setting aside a judgment under rule 60 (b)."  Sahin, 435 Mass. at 406.

not sufficiently elevate her alleged lie to an "unconscionable scheme." See Paternity of Cheryl, 434 Mass. at 35; Guardianship of Ingrid, 102 Mass. App. Ct. at 10, quoting Sahin, 435 Mass. at 402 ("perjury of a witness [is not] likely to be sufficient, even where the perjury 'relat[es] to [a] central issue in the case'").

Moreover, at trial, the judge allowed the jury to consider evidence about Williams's financial situation, including the testimony of a former employee about Williams's financial difficulties.[9]

Order denying motion for relief from judgment affirmed.

By the Court (Blake, Hershfang & D'Angelo, JJ.[10]),

*Joseph F. Stanton*

Clerk

Entered:  March 8, 2023.

---

[9] The plaintiffs filed their own BBO complaint against Williams regarding her representation of Nellie Barbacki but the complaint was dismissed.
[10] The panelists are listed in order of seniority.

6