NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1003

DANIEL TUREK

vs.

JENNIFER WALLACE.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant (mother) appeals from a divorce judgment of the Probate and Family Court in which she challenges the judge's award to the plaintiff (father) of sole legal and physical custody of their two minor children, the attendant parenting plan, and the division of property. She also challenges the judge's failure to award her alimony. Determining no error of law or abuse of discretion, we affirm.[2]

---

[1] Formerly known as Jennifer Turek.

[2] The parties have informed us that, after the judgment nisi entered and pending resolution of this appeal, father with permission filed a modification complaint seeking, among other things, leave to remove the children from the Commonwealth. It also is our understanding that temporary orders have entered in this regard provisionally granting father's request pending a full hearing on the merits. Those temporary orders are not before us and we need not discuss them further.

Discussion.  1.  Child custody.  We review custody determinations for an abuse of discretion.  See Schechter v. Schechter, 88 Mass. App. Ct. 239, 245 (2015).  "In custody matters, the touchstone inquiry [is] . . . what is 'best for the child.'"  Hunter v. Rose, 463 Mass. 488, 494 (2012), quoting Custody of Kali, 439 Mass. 834, 840 (2003).  See G. L. c. 208, § 28.  "The determination of which parent will promote a child's best interests rests within the discretion of the judge . . . [whose] findings . . . 'must stand unless they are plainly wrong.'"  Hunter, supra, quoting Custody of Kali, supra at 845.

Here, the judge found that "[c]ommunication between the parties is fraught with accusation and insult," the "distrust that has developed between the parties [had risen] to such an extent that making joint decisions is difficult," and "the parties have a current inability to negotiate decision making."  The judge went on to find that if "the parties retained joint legal custody, there is a strong likelihood that insurmountable conflicts will arise leading to stalemates in important decisions involving the children" and that this "inability to negotiate will adversely impact the children."  These findings sufficed to warrant sole custody in one parent.  See O'Connell v. Greenwood, 59 Mass. App. Ct. 147, 155 (2003) (order for joint custody "cannot succeed without a true commitment to collaboration").

2

As to the decision regarding which parent, the judge found that the mother, when placed in stressful situations, "tends to lash out without thinking about the ramifications of her behavior on the children" and that the mother's "reactions are disproportionate to the issue at hand and occur without being aware that her behavior causes further upset to the children." The judge further found that the mother "has sought to limit or restrict Father's access" to the children and that if she had primary custody "there is a high probability she would marginalize Father's role." On the other hand, the judge found that the father "has been able to provide a stable and nurturing home for the children," that he "supports their education and meets their physical and emotional needs," and that he "supports the children's relationship with Mother." These findings sufficed to warrant sole custody being awarded to the father. See Malachi M. v. Quintina Q., 483 Mass. 725, 740-741 (2019) (whether one parent seeks to undermine relationship child has with other parent factor to be considered in custody determination).

On appeal, the mother contends that the judge erred in granting the father sole legal and physical custody of the children because the judge was biased in favor of the father and did not consider the mother's historical role as primary caretaker. As set forth in his decision, the judge explicitly

3

acknowledged that the mother had been the primary caretaker of the children during the marriage. Nevertheless, due to the mother's inability to manage the responsibility of the children in a manner consistent with their best interests and her stated desire that the father should have only "'minimal' time with the children," the judge determined that the father should have sole legal and physical custody. See Custody of Zia, 50 Mass. App. Ct. 237, 242-243 (2000) (no presumption that primary caregiver be awarded custody). The mother has not demonstrated that the judge's findings were without support in the record.[3] As the judge's detailed and well-reasoned decisional memorandum makes clear, the rulings in favor of the father were grounded in the evidence, rather than in any bias.[4]

---

[3] The mother does contend that the judge erred in concluding that she used the father's sabbatical as a way to escape the marriage and reinvent herself when "it is the Father who has done this and there is overwhelming evidence to support" the mother's assertion. As the father's teaching sabbatical, involving his move to France on a Fulbright scholarship, was a turning point in the parties' marriage, a significant amount of the trial revolved around it. The mother contended that the father abandoned the family and left them homeless. The judge did not credit her version of the events and instead determined that the mother manipulated the situation for her own purposes; he further set forth subsidiary findings supporting his conclusion. As these findings are all supported in the record, we will not disturb the judge's conclusion reasonably deriving from them. See Hunter, 463 Mass. at 494.

[4] As evidence of bias, the mother points to the judge's failure to reprimand the father for his bad behavior and instead to make rulings in his favor. But the judge did make note of the father's improper conduct including his diversion of funds

4

2. Parenting plan. A judge has significant discretion in formulating a parenting plan, and we will not disturb a judge's order absent an abuse of discretion. See Prenaveau v. Prenaveau, 81 Mass. App. Ct. 479, 486 & n.11 (2012); B.B.V. v. B.S.V., 68 Mass. App. Ct. 12, 18-19 (2006). See also G. L. c. 208, § 28. Here, notwithstanding the award of sole legal custody to the father, the judge allowed the mother to have access to all "medical, dental, mental health and educational records" of the children. And notwithstanding the award of sole physical custody to the father, the judge set forth a parenting plan for the mother that included parenting time every other weekend and a "telephone or video conference with the children every other night when the Children are with the Father," as well as a holiday schedule.

On appeal, the mother argues that the plan, which requires that she travel from her home on Cape Cod to the father's home in the Berkshires in order to pick up and drop off the children,

---

just prior to filing for divorce, dishonesty with the mother during the marriage, infidelity during the marriage, and tracking of the mother so he could engage in this infidelity. The judge determined, however, that these behaviors did not have a causal connection to the father's ability to care for the children. See Custody of Zia, 50 Mass. App. Ct. at 243-244 (no abuse of discretion in award of sole legal and physical custody to father even though mother had obtained several abuse prevention orders against him, where judge determined prior history did not detract from father's current ability to care for children).

see note 2, supra, unreasonably burdens her and interferes with her employment, located at Woods Hole, which involves going out to sea for weeks at a time during the summer. Although there was evidence that summer cruises gave the mother the opportunity to earn extra income, it was not required by her employment. And although travel between essentially opposite ends of the state is undeniably taxing, the judge found that the mother created the difficult scenario by moving far away from the family home. Under the circumstances, it was not unreasonable for the judge to have put the onus of travel on the mother.

3. Property division. General Laws c. 208, § 34, governs the division of property in divorce cases and provides for various factors which the court is bound to consider. The ultimate goal of the statute is to effectuate an equitable, rather than equal, division of property. See Williams v. Massa, 431 Mass. 619, 626 (2000). As long as the judge's findings reflect that "all relevant factors in § 34 were considered, and the reasons for the judge's conclusion are apparent and flow rationally from the findings and rulings, a judge's determination on the equitable division of marital property will not be disturbed." Id. at 631. On appeal, the mother claims that the judge unjustifiably awarded the father a disproportionately greater amount of the marital assets but she fails to support this in the record. The judge's decision

reflects consideration of all of the relevant factors and the exhibit provided by the judge to illustrate the distribution shows that he achieved an equal rather than disproportionate division.

Although the mother makes a number of complaints about the judge's treatment of various assets, they are without citation to the record or legal authority and we are otherwise unable to substantiate them. To the extent that the mother complains of assets accrued prior to marriage and those acquired individually through family gift as being considered marital property, a judge has the authority to do this. See Connor v. Benedict, 481 Mass. 567, 577 (2019) (retirement funds accrued prior to marriage properly considered part of marital estate); Williams, 431 Mass. at 625-627 (property acquired by individual through inheritance could properly be considered marital property). To the extent that the mother complains about the lack of clarity regarding the father's finances, she has failed to point to any erroneous ruling which may have prevented her from obtaining discovery to which she was entitled. See Sahin v. Sahin, 435 Mass. 396, 404 (2001) (party could not complain about lack of financial disclosure where available discovery methods not pursued). The mother has failed to show that the judge failed to achieve an equitable distribution of property or otherwise

abused discretion.  See Warnajtys v. Warnajtys, 97 Mass. App.

Ct. 690, 692 (2020).

4.  Alimony.  Finally, the mother complains of the judge's

decision not to award alimony.

> "A judge has broad discretion when awarding alimony under
> the Alimony Reform Act (act), G. L. c. 208, §§ 48-55.  In
> reviewing both the form and the amount of an award of
> alimony, we examine a judge's findings to determine whether
> the judge considered all the relevant factors under G. L.
> c. 208, § 53 (a), and whether the judge relied on any
> irrelevant factors.  Despite the many changes brought about
> by the act, it did not alter the principle that the central
> issue relevant to a financial award is the dependent
> spouse's need for support and maintenance in relationship
> to the respective financial circumstances of the parties"
> (citations and quotations omitted).

Calvin C. v. Amelia A., 99 Mass. App. Ct. 714, 718 (2021).

Here, the judge's decision reflects that he did consider

all the relevant factors and did not rely on any irrelevant

factor.  For example, he took into consideration the parties'

education and skills, employment history and future prospects,

current assets and liabilities as well as future ability to

acquire assets and income, the parties' lifestyle during the

marriage and the parties' current and future needs.  In the end,

he determined that both parties were able to meet their

reasonable needs through earned income and that neither party

required contribution from the other.  Therefore, an award of

alimony was not required.

The mother nonetheless contends that she was entitled to alimony as compensation for her primary role in caring for the children at the expense of career advancement.  But she has failed to show that an award of alimony was necessary for her to maintain her premarital lifestyle or that the father had the ability to pay any such alimony.  Under the circumstances, the mother has failed to show that the judge abused discretion. Zaleski v. Zaleski, 469 Mass. 230, 235 (2014) (judge has broad discretion in awarding alimony under statute).

The mother's request for compensation for her time and expense associated with the appeal and the father's request for appellate attorney's fees are both denied.

Judgment affirmed.

By the Court (Vuono, Singh & Englander, JJ.[5]),

Assistant Clerk.

Entered:  May 8, 2024.

---

[5] The panelists are listed in order of seniority.