ROCKDALE MANAGEMENT CO., INC., & others[1] *vs.*
SHAWMUT BANK, N.A.

Bristol. May 2, 1994. - August 12, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Civil*, Dismissal. *Fraud. Due Process of Law*, Notice, Hearing.

In a civil action, the judge properly allowed the defendant's motion to dismiss the complaint for the plaintiffs' fraud on the court where the record clearly demonstrated that the plaintiffs undertook a course of conduct intended improperly to influence and deceive the defendant and the court, namely, the forgery of a document to prove damages, proffering the document in response to interrogatories, testimony under oath as to the document's authenticity and admitting to the forgery only after other testimony revealed the deception. [598-600] O'CONNOR, J., concurring.

In a civil action, there was no merit to the plaintiffs' claim that they were entitled to an evidentiary hearing on the defendant's motion to dismiss the complaint, where the plaintiffs were afforded notice and an opportunity to be heard and where there were no contested issues. [600]

A claim in a civil action was properly dismissed by agreement of the parties. [601]

CIVIL ACTION commenced in the Superior Court Department on March 27, 1992.

The case was heard by *Maria I. Lopez*, J., on a motion to dismiss.

The Supreme Judicial Court granted a request for direct appellate review.

*John J. Gushue* for the plaintiffs.

*Michael C. Gilleran (Michael W. Sobol* with him) for defendant.

[1]Vincent Fernandes and Geraldine R. Fernandes.

NOLAN, J. The principal issue on appeal is the correctness of the allowance of the defendant's (Shawmut's) motion to dismiss. There was no error.

The plaintiffs, Rockdale Management Co., Inc. (Rockdale), Vincent Fernandes (Fernandes), and Geraldine R. Fernandes, filed a complaint against Shawmut alleging, inter alia, that Shawmut fraudulently concealed the gasoline and petroleum contamination of property purchased by Rockdale from Shawmut at public auction. The plaintiffs alleged fraud and negligence, seeking contribution and indemnification, under G. L. c. 21E (1992 ed.), and unfair and deceptive practices under G. L. c. 93A (1992 ed.).

In response, Shawmut pleaded a denial of wrongdoing and further in defense affirmatively asserted the exemption from liability accorded a lender under G. L. c. 21 and the statute of limitations.

The parties propounded interrogatories to each other, made demands for documents, and took several depositions. Shawmut filed a motion for summary judgment which was denied. Additional depositions were taken, and Shawmut filed a motion to dismiss based on the fraud of Vincent Fernandes, the president of Rockdale, who admittedly forged a letter maintaining that it came from Sun Refining and Marketing Company (Sun). The letter reported that Sun was prepared to lease the property purchased by Rockdale. The letter, on Sun letterhead, recited that Sun was prepared to lease the property from Rockdale for $12,000 a month and to advance $150,000 for equipment. The plaintiffs incorporated this forged letter by reference in an answer to an interrogatory propounded to them. Rockdale also sent the letter to a real estate appraiser and to Shawmut in support of its claim for damages allegedly incurred as a result of purchasing the contaminated property.

At a deposition, Fernandes testified under oath that the letter was genuine. After the nominal author of the Sun letter testified at his deposition that he did not sign the letter and that contents of the letter were false, Fernandes recanted his earlier testimony and admitted the forgery.

Shawmut filed a motion for default or dismissal to which the plaintiffs filed an opposition. A hearing was held on the motion. The judge ruled that Rockdale had committed a fraud and allowed Shawmut's motion to dismiss.

1. *Motion to dismiss.* The motion judge relied on *Aoude* v. *Mobil Oil Corp.*, 892 F.2d 1115 (1st Cir. 1989), in which a motion to dismiss was allowed on the ground that the plaintiff service station operator had authored "a bogus purchase agreement" and annexed the agreement to the complaint. The dismissal was affirmed because the conduct of the plaintiff amounted to a fraud on the court. *Id.* at 1118.

Fraud on the court occurs where a party tampers with the fair administration of justice by deceiving "the institutions set up to protect and safeguard the public" or otherwise abusing or undermining the integrity of the judicial process. *Hazel-Atlas Glass Co.* v. *Hartford-Empire Co.*, 322 U.S. 238, 246 (1944). The United States Court of Appeals for the First Circuit skillfully defined the concept of fraud on the court in *Aoude, supra* at 1118, as follows: "A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense."

When a fraud on the court is shown through clear and convincing evidence to have been committed in an ongoing case, the trial judge has the inherent power to take action in response to the fraudulent conduct. The judge has broad discretion to fashion a judicial response warranted by the fraudulent conduct. Dismissal of claims or of an entire action may be warranted by the fraud, see, e.g., *Aoude, supra* at 1118, as may be the entry of a default judgment, see, e.g., *Eppes* v. *Snowden*, 656 F. Supp. 1267, 1279 (E.D. Ky. 1986). We examine judicial responses to findings of fraud on the court for an abuse of discretion.

In the present case, the record clearly illustrates a course of conduct taken by Rockdale intended improperly to influ-

ence and deceive Shawmut and the court. Rockdale, through its president, Fernandes, forged a letter concerning lease arrangements with Sun in an effort to prove damages, proffered that letter in response to interrogatories propounded by Shawmut concerning damages, testified under oath as to the authenticity of the letter, and recanted his testimony and admitted the forgery only after the deposition testimony of the nominal author of the letter revealed the deception. The motion judge dismissed the action on a showing of these facts. In *Aoude, supra* at 1119, the court recognized, as we do, the availability of options other than dismissal to punish a party wrongdoer who stoops to fraud. However, we cannot say that the motion judge abused her discretion in selecting the severe option of dismissal. See *Wyle* v. *R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). Dismissal for fraud on the court has been held to be appropriate in cases involving conduct similar to that of Rockdale. See, e.g., *Sun World, Inc.* v. *Lizarazu Olivarria*, 144 F.R.D. 384, 390-391 (E.D. Cal. 1992) (entry of default judgment in favor of plaintiff warranted where defendant proffered forged document in furtherance of his defense and counterclaim and testified falsely as to the document's authenticity); *Wyle, supra* at 589-591 (dismissal warranted either under Fed. R. Civ. P. 37 or pursuant to the court's inherent powers where defendant falsely denied facts through sworn testimony and answers to interrogatories, and wilfully failed to comply with discovery orders).

For the benefit of the trial courts in subsequent cases, we now outline conduct which has been determined in other jurisdictions to warrant dismissal or the entry of a default judgment for fraud on the court. We acknowledge that the determination whether a fraud on a court has been committed is a case-by-case, fact-specific determination; we offer the following merely for guidance. Dismissal or entry of a default judgment for fraud on the court has been warranted for creating and presenting false evidence in support of a claim or defense, see, e.g., *Hazel-Atlas Glass Co., supra* at 250 ("Had the District Court learned of the fraud . . . it would

have been warranted in dismissing [the] case"); *Aoude, supra*; destroying evidence and otherwise impeding the discovery process, see, e.g., *Synanon Church* v. *United States*, 579 F. Supp. 967, 974 (D.D.C. 1984), aff'd, 820 F.2d 421 (D.C. Cir. 1987); offering false and misleading testimony, see, e.g., *Nichols* v. *Klein Tools, Inc.*, 949 F.2d 1047, 1049 (8th Cir. 1991); *Eppes, supra*; *United Business Communications, Inc.* v. *Racal-Milgo, Inc.*, 591 F. Supp. 1172, 1187 (D. Kans. 1984); and falsifying past deposition testimony, see, e.g., *Combs* v. *Rockwell Int'l Corp.*, 927 F.2d 486, 488 (9th Cir. 1991). It is important to reiterate that it must be shown through clear and convincing evidence that a party's fraudulent conduct is part of a *pattern or scheme* to defraud.[2]

Rockdale, in proffering a forged document, providing misleading answers to interrogatories, and giving false deposition testimony, to use the words of *Aoude*, "has sentiently set in motion [an] unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter." *Aoude, supra* at 1118.

2. *Hearing.* The plaintiffs argue that they were constitutionally entitled to an evidentiary hearing on the motion to dismiss. There is no merit to this contention because Fernandes admitted the forgery and, hence, there was no need for a hearing to take evidence. Furthermore, the plaintiffs neither demanded an evidentiary hearing in the Superior Court nor raised any constitutional issue there. See *Tamerlane Corp.* v. *Warwick Ins. Co.*, 412 Mass. 486, 491 (1992).

Due process requires only notice and an opportunity to be heard. The plaintiffs were afforded both. See *MacDonald* v. *MacDonald*, 407 Mass. 196, 201 n.9 (1990). There were no contested issues.

3. *Claim of Geraldine Fernandes.* Geraldine Fernandes is the wife of Vincent Fernandes, who forged the Sun letter. She figured only in count VI of the complaint and she argues

---

[2]We also note that there exists a significant distinction between fraud on the court discovered before the entry of a judgment in an action, and fraud discovered after the entry of a judgment. Our discussion has focused on and is limited to the former.

that it was error to dismiss her claim because she did not commit the forgery. Count VI was dismissed with prejudice by agreement of the parties. Geraldine had no further claim. There was no error.

4. *Motion to alter or amend judgment.* There is no merit to Rockdale's argument that the judge was required to make findings of fact in connection with its motion to alter or amend the judgment. Rule 52 (a) of the Massachusetts Rules of Civil Procedure, 365 Mass. 816 (1974), provides that findings of fact and conclusions of law are unnecessary on such a motion.

*Judgment affirmed.*

O'CONNOR, J. (concurring). Because the plaintiff Fernandes admitted to the judge that he had forged the letter ostensibly written on behalf of Sun Marketing and Refining Company, and because that letter would have been significant evidence favorable to the plaintiffs, I agree that the judge properly dismissed the case on account of fraud on the court.

I write separately only because I think that a word of caution is in order. The precious right of trial by jury is jeopardized by any suggestion that a jury case may be dismissed or the defendant may be defaulted whenever a motion judge or trial judge, after measuring a party's credibility and without the benefit of an admission such as the judge had in this case, finds by "clear and convincing evidence" that that party has committed perjury as "part of a pattern or scheme to defraud." *Ante* at 600. In my view, the court unwisely goes beyond the necessity of this case, and makes troubling suggestions about where it may go in the future, when it states that "[d]ismissal or entry of a default judgment for fraud on the court has been warranted for creating and presenting false evidence in support of a claim or defense," and then, by way of example, cites cases in which "offering false and misleading testimony" and "falsifying past deposition testimony" is said to have occurred. *Ante* at 599-600. In

my view, in a jury case the question whether a party's trial or deposition testimony is true or false ought to be for the jury, not the judge, to decide.