Lenk, J.
National Engineering Service (NES) brought suit against Paul G. Galello, Robert Burbridge and Genesis Employment Services for alleged breach of contract, interference with contractual relations and violations of G.L.c. 93A.
On October 13, 1994, the defendants Galello, Burbridge and Genesis filed a motion to assert counterclaims and add counterclaim defendants[3] pursuant to Mass.R.Civ.P. 15, 13(a) and 19(a). The counterclaims asserted include claims of fraud on the court, abuse of process, breach of contract and violations of G.L.c. 93A. This court (Neel, J.) allowed the motion to assert counterclaims and add counterclaim defendants. The counterclaim defendants now move to dismiss the counterclaims against them. For the following reasons, the counterclaim defendants’ motion to dismiss is allowed in part and denied in part.
DISCUSSION
A complaint can be dismissed for failure to state a claim for which relief can be granted only if a reading of the complaint establishes beyond doubt that the facts alleged, accepting them as true and drawing all inferences in the plaintiffs favor, do not add up to a cause of action which the law recognizes. Municipal Light Company of Ashburnham v. Commonwealth, 34 Mass.App.Ct. 162 (1993). While the rules of pleading are thereby generous, pleadings can, on the one hand, be too vague to establish a claim[4] or, on the other, they can state the facts so specifically that it is clear from *684 the face of the complaint the plaintiff would not be entitled to relief. Fabrizio v. Quincy, 9 Mass.App.Ct. 733, 734 (1980). In the present case, the counterclaim plaintiffs’ complaint is in some respects so vague and, in other respects, sufficiently definite so as to establish beyond doubt that certain claims must be dismissed.
I.Fraud on the Court
Counterclaim plaintiffs allege that NES, “acting through the counterclaim defendants ... has engaged in a pattern of consistent and continuing misconduct during the prosecution of this action,” amounting to fraud on the court. Such alleged misconduct includes, inter alia, the withholding of documents and submission of false responses to discovery requests, the submission of false affidavits to the court and the attempt to influence prospective witnesses by threats, intimidation or financial inducements.
The counterclaim defendants move to dismiss this counterclaim, arguing that fraud on the court is not a cognizable cause of action. Plaintiffs in counterclaim contend, however, that fraud on the court is a cognizable claim and may properly be asserted as a counterclaim, relying upon Rockdale Management Co. v. Shawmut Bank, 418 Mass. 596 (1994), for this proposition.
Rockdale, however, does not support the counterclaim plaintiffs’ position. Rockdale details behavior which may constitute a fraud on the court[5] and discusses how courts may deal with such situations. “The judge has broad discretion to fashion a judicial response warranted by the fraudulent conduct.” Id. at 598.[6] Fraud on the court can warrant, as in Rockdale, the dismissal of a party’s claims prior to judgment. In Rockdale, the trial court allowed defendant’s motion to dismiss the plaintiffs complaint, which motion was based upon plaintiffs demonstrable fraud on the court in using a forged document to prove damages.
This being said, however, fraud on the court is not recognized as an independent cause of action in Massachusetts. Even it were to be assumed that the counterclaim plaintiffs could prove all of the improprieties and grievances they allege, they nonetheless fail to state a cognizable claim. The wrong that is asserted — fraud on the court — is a wrong done to the judicial system, a wrong which goes to the heart of the judicial process.
The court is vested with the inherent power to remedy such a wrong done it. It is not, however, a wrong done to the litigant which would create a new cause of action giving rise to a right to relief by the litigant.
While such acts do not give rise to an independent, substantive cause of action, there are punitive measures open to the court should a fraud on the court be shown to have occurred. The counterclaim plaintiffs/defendants in this case are accordingly free to move to dismiss the claims asserted by the “defrauding” parties or to seek other sanctions should they wish to pursue this matter. Should they do so, the court could hold such hearings as are appropriate to determine whether any such fraud on the court occurred and, if so, what remedies are most suitable.
The counterclaim plaintiffs’ claims of fraud on the court are accordingly dismissed.
II.Abuse of Process
Counterclaim plaintiffs also assert that counterclaim defendants engaged in a variety of misconduct during the prosecution of this litigation "with the intent and ulterior purpose of destroying or impairing counterclaim plaintiffs’ business by depriving them of working capital, forcing them to incur unnecessary legal fees and/or compelling them to enter into an unwarranted settlement,” allegedly amounting to tortious abuse of process. The individual counterclaim defendants move to dismiss this claim, contending that they did not use process of any kind.
Under Massachusetts law, “process” in the context of a tortious abuse of process “refers to papers issued by a court to bring a party or property within its jurisdiction.” Jones v. Brockton Public Markets, Inc., 369 Mass. 387, 390 (1975). In order to maintain a claim for abuse of process, the moving party must allege and prove that the opponent used some legal action for an ulterior or illegitimate purpose resulting in damage. Id. at 389. In the present case, there is no allegation that the individual counterclaim defendants, who were hitherto not parties in this case, themselves used “process” of any kind.[7] The counterclaim plaintiffs hence fail to allege a necessary element of their claim against the individual counterclaim defendants. Thus, the abuse of process claim against said defendants must be dismissed.[8]
III.G.L.c. 93A and Breach of Contract
The counterclaim plaintiffs also assert claims for violations of G.L.c. 93A and breach of contract arising out of counterclaim defendants’ actions which occurred subsequent to the initiation of this litigation. The counterclaim plaintiffs allege that the counterclaim defendants breached an agreement between them by engaging in misconduct which included disparaging remarks to third parties about counterclaim plaintiffs’ character, integrity, business or services and that they did so with an intent to destroy or impair counterclaim plaintiffs’ business, presumably in violation of G.L.c. 93A.
The individual counterclaim defendants move to dismiss these claims because of a purported failure by counterclaim plaintiffs to allege any facts warranting the disregard of NES’s corporate identity so as to impute liability to NES’ officers and shareholders. Counterclaim defendants also contend that counterclaim plaintiff Galello has no standing to assert such claims.
It cannot be said at this juncture that a reading of the counterclaim establishes beyond doubt that the facts alleged fail to state cognizable claims for breach of contract and violation of G.L.c. 93A. The issues of whether the corporate veil may be pierced or whether Mr. Galello has standing are best left for determination *685 in a Rule 56 motion, if appropriate, or at trial. Hence, the motion to dismiss the breach of contract and G.L.c. 93A counterclaims is denied.
ORDER
It is hereby ORDERED that Counterclaim Defendants’ Motion to Dismiss is ALLOWED as to the claims for fraud on the court and abuse of process and DENIED as to the claims for breach of contract and violation of G.L.c. 93A.

Mie defendants/counterclaim plaintiffs maintain that they asserted a counterclaim against NES as well as L. Leonard Tierney, James Klein and William Alden (counterclaim defendants). NES, however, argues that the counterclaim against it should be dismissed since it was not explicitly named in the counterclaim. For purposes of this motion, this court construes the pleading “Counterclaim of Defendants” as asserting claims against NES as well as against Tierney, Klein and Alden. There is also a procedural issue regarding the status of the individual “counterclaim” defendants. The question is whether the claims against Tierney, Klein, and Alden are more properly asserted as counterclaims or, rather, as third-party complaints. For the purposes of this motion, the court will assume that a counterclaim has been asserted against NES and that Tierney, Klein and Alden were properly joined in this action pursuant to Mass.R.Civ.P. 14, impleaded as third-party defendants. For the sake of convenience, this court refers to NES, Tierney, Klein and Alden as “counterclaim defendants” even though Tierney, Klein and Alden are technically third-party defendants. For purposes of this motion, such characterizations are without consequence.

Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 99-101 (1979).

“A ‘fraud on the court’ occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party’s claim or defense.” Rockdale Management Co. v. Shawmut Bank, 418 Mass. 596, 598 (1994), citing Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989).

Dismissal or entry of a default judgment for fraud on the court has been warranted for creating and presenting false evidence in support of a claim or defense. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 250 (1944).

Massachusetts courts recognize only three types of process for the purpose of an abuse of process claim: writs of attachment; the process used to institute civil proceedings; and process related to the bringing of criminal charges. Jones v. Brockton Public Markets, Inc., 369 Mass. 387, 389-90 (1987).

Mie abuse of process claim against NES, however, still stands, without prejudice to its possible subsequent disposition, if appropriate, pursuant to Mass.R.Civ.R 56(b).