NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-467

HEIDI HACHE[1] & another[2]

vs.

WACHUSETT MOUNTAIN SKI AREA, INC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Heidi and Brian Hache brought a negligence action against Wachusett Mountain Ski Area, Inc. (Wachusett), after their son fell from a ski lift operated by Wachusett.[3] Following a $3.275 million jury verdict in her favor, Hache filed a motion asking the trial judge to enter a finding that Wachusett committed fraud on the court in relation to certain falsified discovery documents and to impose sanctions. The judge denied the motion, but, on Hache's appeal, a panel of this court in an unpublished decision vacated the denial and remanded for an evidentiary hearing. See Hache v. Wachusett Mountain Ski Area, Inc., 99

_____

[1] Individually and as mother and next friend of Alexander Hache.
[2] Brian Hache.
[3] Brian Hache has not participated in this appeal; therefore, we refer solely to Heidi Hache.

Mass. App. Ct. 1126 (2021).[4]  After holding that hearing, the trial judge again denied Hache's motion, concluding that the falsified discovery did not interfere with the court's adjudication of the case or hamper Hache's presentation of her claims.  We affirm.

Background.  The facts of the case are described in the earlier panel decision, so we need not repeat them in full here. In summary, Wachusett represented during discovery that its employee Dylan Wilson, who was operating the lift on the day of the incident, had completed an online training program in November 2014 under a profile with the username "jshepard." Corey Feeley, Wachusett's designee for the deposition of the corporation, testified that the "jshepard" username was created for a previous hire who never became an employee and that Feeley assigned that username to Wilson.  Contrary to this testimony, Hache learned in July 2017 that the username belonged to a previous Wachusett employee named Jacob Shepard.  Hache deposed Shepard, who testified that he completed the online training in November 2014; he also provided payroll records and emails to

_____

[4] We decline to consider Wachusett's argument that this court lacked jurisdiction to decide the first appeal.  The panel considered and rejected that argument, and, under the law of the case doctrine, we will not "reconsider questions decided upon an earlier appeal in the same case" except in limited circumstances not present here (citation omitted).  King v. Driscoll, 424 Mass. 1, 7-8 (1996).

2

prove his employment at Wachusett. Through additional discovery in October 2018, Hache learned that Feeley had falsified the training records and that Wilson did not complete the online training until after the incident. Ultimately, as a result of Feeley's misconduct, Wachusett conceded liability, and the case proceeded to a jury trial solely on the issue of damages.

After the evidentiary hearing -- at which Wachusett's president and chief executive officer, James Francis Crowley, was the sole witness -- the judge found the following additional facts. Crowley did not learn of Feeley's misconduct until Wachusett's attorney, Matthew Sweet, informed him of it in August 2017. In September 2017 Crowley and Sweet confronted Feeley, who neither admitted nor denied what he had done. The following month, Sweet wrote to Wachusett's insurer twice, copying Crowley, describing Feeley's actions and providing an analysis of liability and damages.

From the fall of 2017 to the summer of 2018, the parties attempted to settle the case through mediation, which proved unsuccessful. In August 2018 Sweet again wrote to Wachusett's insurer, copying Crowley, suggesting the possibility of stipulating to liability. While Sweet stated in the letter that Wilson's training, or lack thereof, did not "correlate[] to the happening of the subject incident," he also advised that any appearance of a "cover up" could "have a negative effect on the

3

perception and credibility of Wachusett and its employees at trial."

Wachusett first sought to stipulate to liability at a pretrial hearing in October 2018. After trial was delayed, the stipulation was ultimately accepted by the court in July 2019.

Discussion. "The test as to whether an individual has perpetrated a fraud on the court is stringent." Matter of the Trusts Under the Will of Crabtree, 449 Mass. 128, 148 (2007). Specifically, the party asserting fraud on the court has the burden of establishing, by clear and convincing evidence, "that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." Rockdale Mgt. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 598 (1994), quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989). Put another way, "[t]he doctrine embraces 'only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.'" Paternity of Cheryl, 434 Mass. 23, 35-36 (2001), quoting Pina v. McGill Dev. Corp., 388 Mass. 159, 165 (1983). See MacDonald v.

4

MacDonald, 407 Mass. 196, 202 (1990), quoting Lockwood v. Bowles, 46 F.R.D. 625, 631-632 (D.D.C. 1969) ("Courts have found fraud upon the court only where there has been the most egregious conduct involving a corruption of the judicial process itself").

Here, the judge was within her discretion to conclude that Hache did not meet her burden of proving fraud on the court. See Pina, 388 Mass. at 166-167 (reviewing denial of motion alleging fraud on court for abuse of discretion). The judge, who was well familiar with the case, found that "the falsified discovery did not impact the court's adjudication" or "cause it to unnecessarily expend time or resources uncovering the deception." This finding was squarely within the judge's discretion. Indeed, Hache does not challenge it on appeal.

Hache does challenge, as clearly erroneous, the judge's finding that the falsified discovery did not hamper Hache's ability to present her claims. We see no error. Hache does not contest that Feeley acted alone in falsifying the training records; that she discovered the deception in July 2017, shortly after Feeley's deposition; and that neither Sweet nor Crowley, or anyone else in Wachusett's management, was aware of Feeley's actions until August or September 2017. See M.C.D. v. D.E.D., 90 Mass. App. Ct. 337, 342 (2016) (distinguishing between false statement and "deliberate scheme . . . typically involving

5

others in the court system, combined with a larger pattern of harassment, that has been held to constitute fraud on the court").  Soon after Wachusett learned of Feeley's actions, the parties entered into mediation, which continued until the summer of 2018; once mediation proved unsuccessful, Wachusett sought to concede liability at a pretrial hearing in October 2018.  Between July 2017 and October 2018, there were no substantive motions or other actions in the case aside from one motion filed by Wachusett to compel an independent medical examination.  In light of this history, the judge properly determined that Wachusett took reasonable steps to mitigate any damage from the falsified records and "at no time was either party . . . engage[d] in relevant motions practice or other relevant proceedings before the court, believing the false discovery responses to be true."  The fraud, in other words, was not of the type involving "a corruption of the judicial process itself."  MacDonald, 407 Mass. at 202, quoting Lockwood, 46 F.R.D. at 632.[5]

The judge also properly rejected Hache's claim that she was entitled to be compensated for the expenses she incurred in

_____

[5] We agree with Hache that it was improper for Wachusett not to turn over Shepard's employment records upon locating them in August 2017.  See Mass. R. Civ. P. 26 (e) (2), 365 Mass. 772 (1974).  Hache has failed to show, however, that the delay in production hampered the presentation of her case.

6

uncovering Feeley's misconduct.  As the judge found, no compensation was warranted because Hache's efforts resulted in Wachusett's conceding liability and a "sizable verdict" in Hache's favor.  See Rockdale Mgt. Co., 418 Mass. at 598 ("judge has broad discretion to fashion a judicial response warranted by the fraudulent conduct").  We see no merit to Hache's assertion that Wachusett's "last-minute attempts" to address the misconduct "led to extensive motion practice that diverted [Hache's] resources from the trial," as the "extensive motion practice" to which she refers was a result of her own opposition to Wachusett's attempts to concede liability.

Hache further suggests that Wachusett committed fraud on the court by stating in a mediation overview that all of its employees were "properly trained."  But even if fraud during mediation can constitute fraud on the court, Hache has not shown that Wachusett's statement was false.  As Crowley testified at the evidentiary hearing, even though Wilson had not received the online training at the time of the incident, Wachusett still considered him to be "properly trained" because online training was "above and beyond what most ski areas do."  And in any event, Hache has not shown that the purported false statement hampered her presentation to the mediator given that she was already aware of Feeley's misconduct by the time of the mediation.

7

Finally, Hache devotes much of her brief to arguing that Wachusett is responsible for Feeley's misconduct because Crowley, and therefore Wachusett, "ratified" his actions.  Hache does not cite any case that has applied the concept of ratification in the context of fraud on the court, but, even assuming the concept has a part in the analysis, the judge properly found that no ratification occurred.  Ratification "must be based upon full knowledge of all material facts" (citation omitted).  Licata v. GGNSC Malden Dexter LLC, 466 Mass. 793, 802 (2014).  Here, the judge found that no one in Wachusett's management knew of all the material facts until August or September 2017 and that Wachusett thereafter disavowed Feeley's actions and mitigated the harm by conceding liability. More importantly, regardless of whether there was ratification, the judge correctly recognized that, for there to be fraud on the court, the underlying inquiry is whether the fraud interfered with the court's adjudication or hampered the presentation of the opposing party's case.  For the reasons we have stated, the judge was within her discretion in concluding that Hache failed to make this showing by clear and convincing

8

evidence.

The order dated March 30, 2022, denying Hache's motion for a finding of fraud on the court and for sanctions, is affirmed.

<u>So ordered</u>.

By the Court (Henry, Shin & Hodgens, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  April 21, 2023.

---

[6] The panelists are listed in order of seniority.