NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-626

B.G.

vs.

N.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, N.M., appeals from four orders relating to an abuse prevention order obtained by the plaintiff, B.G., pursuant to G. L. c. 209A, § 3: (1) the initial extension of the abuse prevention order, which occurred on October 3, 2022 (initial extension order); (2) the denial of a motion for reconsideration of the initial extension order on January 19, 2023; (3) the subsequent extension of the abuse prevention order, which occurred on April 3, 2023 (subsequent extension order); and (4) the denial of a motion for expungement of associated records from the Statewide domestic violence record-

keeping system also on April 3, 2023.[1]  We dismiss the appeal from the initial extension order as untimely.  We affirm the remaining orders.

Discussion.  1.  Initial extension order.  As a preliminary matter, we note that the defendant did not timely appeal from the initial extension order.  Pursuant to Mass. R. A. P. (4) (a) (1), as appearing in 481 Mass. 1606 (2019), an appeal in a civil case must be filed within thirty days of the entry of the appealable order.  The filing of a motion "to alter or amend a judgment under [r]ule 59 or for relief from judgment under [r]ule 60 (b), however titled," may toll the time period for an appeal, "but only if either motion is served within [ten] days after entry of judgment."  Mass. R. A. P. 4 (a) (2) (C), as appearing in 481 Mass. 1606 (2019).  "A timely notice of appeal is a jurisdictional prerequisite to our authority to consider any matter on appeal."  Wells Fargo Bank, N.A. v. Sutton, 103 Mass. App. Ct. 148, 152 (2023), quoting DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 170 (2018).

The defendant filed his motion for reconsideration under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), on November 2, 2022, which was greater than ten days after the initial

_____

[1] The same judge entered the first two orders and a second judge entered the April 3, 2023 orders.

2

extension order.[2]  Therefore, the motion for reconsideration

failed to toll the time period for an appeal from the initial

extension order; the notice of appeal from the initial extension

order, filed on January 27, 2023, was untimely; and we lack

jurisdiction to consider it.[3]

2.  Motion for reconsideration.  With respect to the

initial extension order, our review is limited to the judge's

decision to deny the defendant relief pursuant to rule 60 (b).

See Care & Protection of Georgette, 54 Mass. App. Ct. 778, 788

n.15 (2002), S.C., 439 Mass. 28 (2003) ("the appeal of an order

denying relief under rule 60 [b] raises only the correctness of

---

[2] We recognize that the motion need only be served within
the ten-day period.  See Mass. R. A. P. 4 (a) (2) (C).  However,
no certificate of service appears on the motion either in the
copy that was included the record appendix or in the copy that
we obtained on our own initiative from the District Court.  In
the absence of a certificate of service for the motion for
reconsideration identifying the service date, we treat the
motion as having been served on the date it was filed.

[3] With respect to the initial extension order, the defendant
argues that (1) he "did not receive full due process" because
(a) the plaintiff's "falsification of evidence" prevented him
from receiving a "fair hearing," and (b) "[t]he defendant did
not have a meaningful opportunity to respond to the plaintiff's
accusations"; and (2) the judge erred by "failing to equitably
apply the law and facts favorable to the defendant, [and] . . .
to recognize that the plaintiff's retaliatory order provided an
unfair advantage in the 209A proceedings," particularly by the
judge's failure to "recognize that the defendant was placed in
fear of imminent physical harm from the plaintiff's abuse
immediately preceding the moments she described as abusive."
For the reasons described, supra, we lack jurisdiction to
consider these claims.

that denial, and the appellant may not attack the underlying judgment on a ground which []he might have raised had []he appealed").  We review the denial of a rule 60 (b) motion for abuse of discretion.  See Judge Rotenberg Educ. Ctr., Inc. v. Commissioner of the Dep't of Developmental Servs., 492 Mass. 772, 785 (2023).  Applying this standard, we do not ask whether a "reviewing court might have reached a different result; the standard of review is not substituted judgment" (citation omitted).  Scannell v. Ed. Ferreirinha & Irmao, LDA, 401 Mass. 155, 160 (1987).  Instead, we ask whether the judge made a "clear error of judgment" in applying the relevant law.  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014), quoting Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008).

The defendant contends that the judge erred in denying the motion for reconsideration because the initial extension order was obtained by fraud.  See Mass. R. Civ. P. 60 (b) (3) (relief from judgment available based on "fraud . . . , misrepresentation, or other misconduct of an adverse party").  "A party seeking to demonstrate fraud on the court must prove the most egregious conduct involving a corruption of the judicial process itself" (citation and quotation omitted).  Sahin v. Sahin, 435 Mass. 396, 406 (2001).  To establish fraud on the court, the defendant must "clearly and convincingly" demonstrate "that [the plaintiff] has sentiently set in motion

4

some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense" (citation omitted). Mt. Ivy Press, L.P. v. Defonseca, 78 Mass. App. Ct. 340, 349 (2010). "Clear and convincing proof . . . must be strong, positive and free from doubt[,] and full, clear and decisive" (quotations and citations omitted). Callahan v. Westinghouse Broadcasting Co., 372 Mass. 582, 584 (1977).

The defendant asserts that the plaintiff committed fraud on the court by submitting false and misleading affidavits and presenting false and misleading testimony in connection with the initial extension order. In support of his argument, the defendant first cites Rockdale Mgt. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 599-600 (1994) (Rockdale), for the proposition that "fraud on the court has been warranted for creating and presenting false evidence in support of a claim or defense, . . . destroying evidence and otherwise impeding the discovery process, [and] offering false and misleading testimony." However, the defendant's reliance on Rockdale is misplaced. Unlike in Rockdale, where the motion judge dismissed the action for fraud on the court after discovering that one of the plaintiffs had "forged a letter . . . in an effort to prove damages, . . . testified under oath as to the authenticity of

5

the letter, and . . . admitted the forgery only after the deposition testimony of the nominal author of the letter revealed the deception," id. at 599, the judge in the present case made no finding of fraud. See id. at 600 n.2 ("there exists a significant distinction between fraud on the court discovered before the entry of a judgment in an action, and fraud discovered after the entry of a judgment. Our discussion has [focused] on and is limited to the former"). Therefore, the discussion in Rockdale is inapplicable to the present case.

Next, the defendant cites Commissioner of Probation v. Adams, 65 Mass. App. Ct. 725, 730 (2006), for the proposition that the finding of a pattern of false and perjurious statements that influences the judge will amount to fraud on the court. This claim is inaccurate for two reasons. First, the judge in Adams found not only that the plaintiff had made a series of false statements, but also that they had engaged in "a larger pattern of harassment[,] . . . falsely complained of [the defendant (an attorney)] to the Board of Bar Overseers[, and] . . . obtained the ex parte order against [the defendant] 'without disclosing that [the defendant] had a restraining order against [the plaintiff].'" Id. at 729. Second, in Adams, this court addressed only the judicial response to a finding of fraud on the court; the underlying finding of fraud was not raised on appeal. See id. at 725.

6

Here, unlike in Rockdale and Adams, the judge explicitly found that "no misleading evidence was submitted by an adverse party, and [that] the court was not misled by the evidence." Furthermore, the defendant supports his claim of fraud on the court only with an alleged series of false and misleading statements and exhibits; the defendant does not argue in his brief that the plaintiff engaged in conduct that actually had the effect of interfering with the judicial system's ability to impartiality adjudicate the matter. See Mt. Ivy Press, L.P., 78 Mass. App. Ct. at 349. See also Wojcicki v. Caragher, 447 Mass. 200, 210 (2006), quoting MacDonald v. MacDonald, 407 Mass. 196, 202 (1990) ("Examples are bribery of judges, employment of counsel to 'influence' the court, bribery of the jury, and the involvement of an attorney [an officer of the court] in the perpetration of fraud"). "[E]ven '[p]erjury does not constitute "fraud upon the court"' when there is no evidence that the judicial process itself was corrupted" (citation omitted). Wojcicki, supra. The judge reasonably could determine that the defendant failed to establish fraud on the court by clear and convincing evidence. The judge did not abuse her discretion in denying the defendant's motion for reconsideration.

3. Subsequent extension order. The defendant contends that the issuance of the subsequent extension order failed to comply with G. L. c. 209A, § 3, which states that "[a] court may

7

issue a mutual restraining order . . . only if the court has made specific written findings of fact."  However, this issue is not properly before us.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006), quoting Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989) ("An issue not raised or argued below may not be argued for the first time on appeal").  Although the defendant requested findings of fact in connection with the motion for expungement,[4] the defendant did not provide the judge with legal argument that the absence of specific written findings of fact statutorily precluded the issuance of the subsequent extension order.  Therefore, we deem this issue waived.

Next, the defendant claims that he was not provided "a meaningful opportunity to be heard," see Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 788 (2022), at the extension hearing on April 3, 2023, because he was "not afforded an opportunity to respond to false information" presented during the hearing.  We deem this issue waived as well, as our review of the record reveals that the defendant has not previously raised the

---

[4] In his motion for expungement, the defendant requested "findings of fact and a ruling of law with the decision," and, in response to the judge's denial of the motion for expungement at the April 3, 2023 hearing, the defendant requested "a ruling of the law as to the finding of facts."

8

argument that he was not provided a meaningful opportunity to be heard at the April 3, 2023 extension hearing. See Carey, 446 Mass. at 285.

Finally, the defendant claims that the judge erred in issuing the subsequent extension order because he failed to "take into account that the [initial extension order] was issued erroneously." The defendant cites no legal authority in support of the proposition that a judge, in extending an abuse prevention order, must inquire into the validity of a prior, underlying extension order. Under Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019), an appellant's brief must support each contention "with citations to the authorities . . . on which the appellant relies." Because the argument is not adequately argued in the defendant's brief, it too is waived.

4. Motion for expungement. The defendant claims that the judge erred in denying the motion for expungement, as Adams "established that expungement of 209A orders from the Statewide domestic violence registry is appropriate in circumstances where fraud on the court has been demonstrated through clear and convincing evidence."

Here, the judge did not find fraud on the court, and as discussed, supra, she did not abuse her discretion in denying the motion for reconsideration. Therefore, the judge did not

9

err in denying the defendant's motion for expungement.[5]  See Adams, 65 Mass. App. Ct. at 737 ("a judge has the inherent authority to expunge a record of a 209A order from the Statewide domestic violence registry system in the rare and limited circumstance that the judge has found through clear and convincing evidence that the order was obtained through fraud on the court").

Conclusion.  The appeal from the initial extension order entered October 3, 2022, is dismissed as untimely.  The order entered January 19, 2023, denying the motion for reconsideration is affirmed.  The subsequent extension order and the order denying the motion for expungement, both entered April 3, 2023, are affirmed.

So ordered.

By the Court (Meade,
  Hershfang & Toone, JJ.[6]),

Clerk

Entered:  October 31, 2024.

---

[5] The plaintiff has requested "just damages and single or double costs" pursuant to Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).  As a matter of our discretion, we deny the request.  We also deny the defendant's request for attorney's fees.

[6] The panelists are listed in order of seniority.

10