NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1202

S.H.

vs.

M.T.M. (and a consolidated case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff obtained abuse prevention orders against the defendants pursuant to G. L. c. 209A.  The following year, a judge made the orders permanent.  The defendants did not appeal from that decision.  Several years later, the defendants moved to vacate the permanent abuse prevention orders.  The judge denied their motion to vacate.  On appeal, the defendants argue that the judge deprived them of due process of law by precluding them from presenting evidence that the original abuse prevention orders were procured by fraud on the court.  They also argue that they lacked notice of the hearing to extend the orders.  We affirm.

_____

[1] S.H. vs. D.B.

Background.  The plaintiff filed a complaint for an emergency abuse prevention order against each defendant in 2017. Following a two-party hearing, a judge extended the abuse prevention orders for one year.  The clerk told the parties on the record that a hearing would be held the following year on August 14, 2018, to determine whether to further extend the orders.  The clerk advised the parties of the date, time, and location of the hearing.  The clerk stated that a court officer would serve the defendants with the abuse prevention orders, which listed the hearing date.  The defendants did not appear at the August 2018 hearing.  The plaintiff appeared at the hearing and submitted an affidavit alleging violations of the abuse prevention orders.  The orders were made permanent.  The defendants did not appeal.

In 2023, the pro se defendants filed a self-styled "Motion to Modify or Terminate Abuse Prevention Order."[2]  In it, the defendants contended that the permanent abuse prevention orders must be vacated.  Although the defendants argued that they lacked notice of the August 2018 hearing, they focused their arguments on the allegation that the plaintiff committed a fraud

_____

[2] The judge construed the motion as a motion to vacate the permanent abuse prevention orders.  The defendants also used the term "motion to vacate" during the hearing.

2

on the court to obtain the abuse prevention orders. Specifically, the defendants alleged that the plaintiff filed false police reports alleging that the defendants sexually abused her and withheld those false police reports from the court to hide evidence that would have tended to undermine the basis for the abuse prevention orders. The judge denied their motion, concluding that the defendants failed to show that the plaintiff had committed a fraud on the court and that the defendants failed to meet their burden of showing a significant change in circumstances to terminate the orders. The defendants appealed.

Discussion. 1. Lack of notice. The defendants contend that they lacked notice of the August 2018 hearing. This argument is without merit. The record indicates that the defendants had notice of the August 2018 hearing. During the August 2017 hearing, at which both defendants appeared, the clerk read the date, time, and location of the August 2018 hearing into the record. Cf. Commonwealth v. Reddy, 85 Mass. App. Ct. 104, 112 n.7 (2014) (defendant's presence during 209A order hearing established that defendant had knowledge of order). Further, the defendants were both served with copies of the abuse prevention orders, which included the next hearing date. The defendants' appearance at the 2017 hearing, as well as the copies of the orders they were served with, both

3

establish that the defendants were given notice of the August 2018 hearing.

2. Fraud on the court. The defendants argue that the judge deprived them of due process by precluding them from presenting evidence alleging that the plaintiff obtained the original abuse prevention orders through fraud on the court. The defendants contend that the judge applied the wrong legal standard and thereby failed to consider the defendants' fraud on the court evidence. In reviewing the judge's decision, "we will not substitute our judgment for that of the trier of fact. We do, however, scrutinize without deference the propriety of the legal criteria employed by the trial judge and the manner in which those criteria were applied to the facts." Iamele v. Asselin, 444 Mass. 734, 741 (2005), quoting C.O. v. M.M., 442 Mass. 648, 655 (2004).

The judge instructed the parties to limit their testimony to whether there had been a significant change in circumstances since the orders issued. See MacDonald v. Caruso, 467 Mass. 382, 390-391 (2014) (on motion to terminate 209A order, defendant must show by clear and convincing evidence that there has been significant change in circumstances such that plaintiff would no longer reasonably fear imminent serious physical harm from defendant). He advised the parties that "I'm not going to get into the merits of the underlying order."

4

Although the defendants' pro se motion was styled as a motion to terminate, the defendants argued it as a motion to vacate and the judge construed it accordingly. On a motion to vacate an abuse prevention order, a defendant must show that the order never should have issued in the first place. Xarax X. v. Yale Y., 102 Mass. App. Ct. 699, 703 (2023). The defendants attempted to meet this standard by alleging that the plaintiff obtained the original abuse prevention orders through fraud on the court. A fraud on the court occurs when a party orchestrates "some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." Rockdale Mgt. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 598 (1994), quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989). False allegations of abuse are insufficient to establish fraud on the court absent a showing of a "larger pattern of harassment" or "unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter" (citation omitted). M.C.D. v. D.E.D., 90 Mass. App. Ct. 337, 342 (2016).

Although the judge advised the parties to limit their evidence to whether circumstances had changed since the orders issued, he ultimately permitted the defendants to testify and

5

present evidence alleging that the original orders were obtained through fraud on the court. The judge's findings, along with the hearing transcript, show that the judge duly considered the defendants' allegations of fraud. After hearing the defendants' evidence, the judge concluded that "[t]he Defendants' fraud on the court allegation would be more intriguing if there were credible evidence that there was fraud." The judge did not err in denying the motion to vacate where the defendants failed to show by clear and convincing evidence that the plaintiff perpetrated a fraud on the court. Rockdale Mgt. Co., 418 Mass. at 600. See Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509-510 (1997) (on appeal we defer to judge's credibility determinations).

Regardless of whether we construe the defendants' motion as a motion to vacate or a motion to terminate, their appeal falls short. To terminate a restraining order, the defendants must show by clear and convincing evidence that there has been a significant change in circumstances since the order issued such that the plaintiff would no longer have a reasonable fear of imminent harm from the defendant. MacDonald, 467 Mass. at 390-391. During the 2023 hearing, the plaintiff testified that the defendants continued to violate the 209A orders. The judge concluded that the defendants' evidence fell short of meeting their burden on the motion to terminate standard. Rather, he

6

found that "[t]he materials presented convince me that such an order remains necessary."  We discern no error of law.

> <u>Order denying motion to vacate permanent restraining orders affirmed</u>.
>
> By the Court (Neyman, Singh & Toone, JJ.[3]),
>
> *Paul Little*
>
> Clerk

Entered:  April 15, 2025.

---

[3] The panelists are listed in order of seniority.