NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-455

ROGER NOWAK

vs.

FELIX OSAGIE & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendants appeal from a Superior Court judge's order entered August 25, 2022 (dated the previous day) denying their motion for relief from judgment under Mass. R. Civ. P. 60, 365 Mass. 828 (1974).  That motion, asserting fraud on the court and other grounds, sought relief from a judgment entered on April 8, 2021, that enforced the parties' agreement to settle a boundary dispute.[2]  We review the judge's order for a clear abuse of discretion, see Care One Mgt., LLC v. Brown, 98 Mass. App. Ct.

_____

[1] Uwa Ogbebor.

[2] The defendants had filed a notice of appeal from that judgment, but the record for that appeal was never assembled, let alone was such an appeal docketed in this court, and so the judgment is not before us for review.  See Nolan v. Weiner, 4 Mass. App. Ct. 800, 800 (1976).

589, 594 (2020), which is defined as a "clear error of judgment in weighing the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  Seeing no such clear error of judgment, we affirm the judge's order.[3]

Discussion.  In their appellate brief, the defendants advance seven numbered arguments, and they cite subdivisions (1), (2), (3), (4), and (6) of rule 60 (b).  They make no serious effort, however, to tie their arguments to any specific subdivision of the rule, nor do they acknowledge that what is before us is not the judgment itself but only the judge's discretionary decision declining to grant relief from it.[4]  Their arguments in substance reduce to three points, none of which has any merit.  We consider those three points in turn.

---

[3] After the order was entered, the defendants, in August 2023, filed what they labeled as an emergency motion, seemingly also under rule 60 (b), for relief from the August 2022 order as well as the judgment.  Another judge denied that motion by a margin endorsement on October 30, 2023.  On November 22, 2023, the defendants filed a notice of "additional or further grounds of appeal."  If we construed that notice as an amended notice of appeal effective to appeal the October 2023 order, we would affirm that order as well, as the defendants' brief makes no separate argument as to why it should be vacated.

[4] The judge painstakingly reviewed the defendants' arguments under each of the cited subdivisions of rule 60 and explained why none of the arguments were persuasive.  We see no error or abuse of discretion in any of the judge's rulings on those issues.

2

1.  Fraud on the court.  In their first, second, and sixth numbered arguments, the defendants claim that the judgment was the product of fraud on the court perpetrated by their former counsel, by one of plaintiff's counsel, and by the plaintiff himself.  The judge considered the various affidavits the defendants submitted as bearing on that claim and found that their affidavits alleging fraud were not credible.  The judge properly recognized that the defendants' burden was to show, "clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense" (citation omitted).  Rockdale Mgt. Co. v. Shawmut Bank, N.A., 418 Mass. 596, 598 (1994).  The judge carefully explained, based on a comparison of the defendants' own affidavits to each other, why she did not credit the allegations of fraud; she thus concluded that the defendants could not meet their burden.  On appeal, the defendants do not argue that this conclusion is based on any error of law or other abuse of discretion.

2.  Absence of settlement authority.  In their third, fourth, and fifth numbered arguments, the defendants claim that the judgment enforcing the settlement agreement was erroneous because their former counsel lacked the authority to enter that

3

agreement, because the plaintiff's counsel was aware of that lack of authority, and because their former counsel acted negligently in settling the case without authority. Once again, however, the judge considered the defendants' affidavits pertinent to this point, as well as an affidavit filed by an attorney who had represented the plaintiff during a portion of the proceedings. The judge explained why the defendants' assertions were insufficient in the circumstances to carry their burden of showing their entitlement to relief. Although the defendants disagree with this conclusion, they have not shown that it reflects any abuse of discretion.

3. _Delay in deciding motion._ In their seventh numbered argument, the defendants claim that the order denying their motion was "void and a nullity" because it was not issued until more than eight months after oral argument on the motion. The defendants rely on the provision of Superior Court Standing Order 1-88(A) declaring that the standing order is a response to "excessive delay and excessive cost of court proceedings" and "an effort to secure the just, speedy and inexpensive determination of every action" (quotation and citation omitted). But the defendants point to nothing in the standing order, nor do we find anything, establishing time standards, let alone enforceable requirements, for ruling on a postjudgment motion under rule 60. Nor do they cite any authority (and we know of

4

none) declaring that a ruling on such a motion is void if not made within a particular time.  Finally, they point to no prejudice from the delay.

Appellate attorney's fees.  The defendants' request for attorney's fees is denied.  The plaintiff's brief requests an award of his attorney's fees for defending what he asserts is a frivolous appeal.  See Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).  "An appeal is considered frivolous when the underlying case law is settled and there is no reasonable expectation of a reversal."  Pierce v. Clark, 66 Mass. App. Ct. 912, 915 (2006).  We agree that the defendants' appeal is frivolous and allow the plaintiff's request.  In accordance with the procedure specified in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the plaintiff may, within fourteen days of the issuance of this decision, submit an application for appellate attorney's

fees and costs with the appropriate supporting materials.  The defendants shall have fourteen days thereafter to respond.

<u>Order entered August 25, 2022, denying motion for relief from judgment affirmed</u>.

By the Court (Sacks, Englander & Walsh, JJ.[5]),

*Paul Little*

Clerk

Entered:  July 25, 2025.

---

[5] The panelists are listed in order of seniority.